IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| CARLTON H. SCRANTON, | ) | Cause No. CV 07-69-GF-SEH-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN MacDONALD, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff Carlton Scranton filed this action on June 25, 2007, alleging violation of his civil rights pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Because Plaintiff is a prisoner, his Complaint is subject to 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  The Court must identify cognizable claims and dismiss cases or claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune.  See 28 U.S.C. § 1915A(a), (b).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp.

v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted).  This requirement

demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause

of action."  Id.  "Factual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

Id. (internal citations and quotations omitted).

       Although the statutes require dismissal for the reasons stated, they do not deprive the district

court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th

Cir. 2000) (en banc).  The court can decline to grant leave to amend if "it determines that the

pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United

States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants

unless it is "absolutely clear that the deficiencies of the complaint could not be cured by

amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter

Labs., 622 F.2d 458, 460 (9th Cir. 1980)).  "A document filed pro se is to be liberally construed, and

a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers."  Erickson v. Pardus, __ U.S. __, 127 S. Ct 2197, 2200 (2007) (per

curiam) (internal quotation marks and citations omitted); Fed. R. Civ. P. 8(f) ("All pleadings shall

be so construed as to do substantial justice."); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

(9th Cir. 1988).

## II. Plaintiff's Allegations

       Plaintiff contends that Defendants exhibited gross negligence and deliberate indifference

because his prescription medications were interrupted on several occasions.  For one week in

September 2005, he did not receive his acid reflux medicine.  In August 2006, he did not have medication to treat his high blood pressure and enlarged prostate for about a week and half, during which time his blood pressure was dangerously high.  In September 2006, his acid reflux medicine was withheld for about a week and a half.  On October 5, 2006, Plaintiff was told that one of his high blood pressure medications and his acid reflux medicine had not been ordered, so that he went without them for a time.  He received the acid reflux medicine a few days after his prescription expired, but it was again taken away from him on October 18, 2006, for an unstated period of time.  On March 15, 2007, his medications again were not promptly ordered, so that he went without them for five days.

Plaintiff's exhibits show that, when he informed medical staff of his problem, he was told that his medical records showed he had a sufficient supply of medication to last until a later date than he believed.  In response to his complaints, he was told that he must be taking his medications more often than indicated.  See, e.g., Grievance Form Oct. 2, 2006.  As to Plaintiff's claim that his acid reflux medication was discontinued on October 18, 2006, the exhibits show that it was not discontinued but was simply no longer available in a large quantity that Plaintiff was permitted to keep in his cell.  See CCA Memo Jan. 18, 2006 (date corrected by Plaintiff to Oct. 18, 2006) ("You may come to pill call at 8 AM or 8 PM to get this medication, or you can see the Provider and get it changed to another medication that you can have as KOP [keep on person].").

Plaintiff contends that he has been "negligently subjected to ... dangerous complications consistently over the past two years, even though I have brought this to the medical staff's attention." Compl. (doc. 2) at 7; see also id. at 6-7, ¶ IV.A(1).  For his relief, he seeks $90,000 to $100,000 in

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

compensatory damages.  See id. at 9, ¶ VI.

### III. Analysis

The Eighth Amendment requires that prisoners receive adequate medical care.  See Estelle

v. Gamble, 429 U.S. 97, 104 (1976).  See also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

1992) (citing Estelle), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133

(9th Cir. 1997).  Prisoners must also be protected from serious risks to their health.  See, e.g., Farmer

v. Brennan, 511 U.S. 825, 837 (1994); Helling v. McKinney, 509 U.S. 25, 33-34 (1993); Wallis v.

Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995).  A civil rights plaintiff must also show that each

defendant acted with "deliberate indifference" to his serious medical needs.  Deliberate indifference

may be shown either in a lack of treatment or an unconstitutional course of treatment.  Where the

latter is alleged, the plaintiff "must show that the course of treatment the [medical providers] chose

was medically unacceptable under the circumstances, and . . . that they chose this course in conscious

disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.

1996) (internal citations omitted).  Delay of medical care may also amount to deliberate indifference,

provided the delay led to further injury.  See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd.

of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Plaintiff's own exhibits conclusively defeat his claims.  Even if medical staff made a mistake

about Plaintiff's medication supply, it is clear that they were not deliberately indifferent to a serious

medical need.  They responded promptly and appropriately to his concerns.  Moreover, the exhibits

show that Plaintiff was not deprived of any medication for more than a week and a half, and he has

not shown that temporary interruptions in the medications he names – for whatever reason –

constitute an actual injury.  At most, the interruptions caused him anxiety and concern, not further

injury.  "Factual allegations must be enough to raise a right to relief above the speculative level, on

the assumption that all the allegations in the complaint are true."  Bell Atlantic Corp., __ U.S. __,

127 S. Ct. at 1965.  Even assuming the facts Plaintiff alleges are true, he is not entitled to recovery.

The Court has considered whether Plaintiff should be permitted to amend his pleading.

However, this is not a case where a pro se plaintiff has failed to address an element of a claim.  The

exhibits are conclusive.  Plaintiff would have to allege different facts, not additional ones, in order

to show a serious medical need and so state a claim on which relief could be granted.  Amendment

would be futile.

To whatever extent Plaintiff might attempt to state a claim under state law, this Court is a

federal court and may decline to exercise supplemental jurisdiction where, as here, the application

of state tort law is doubtful and the federal claims must be dismissed.  Plaintiff is advised that the

statute of limitations is tolled for at least thirty days following dismissal of a federal action in which

supplemental jurisdiction is declined.  See 28 U.S.C. § 1367(d).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1.  Plaintiff's federal constitutional claims should be DISMISSED WITH PREJUDICE for

failure to state a claim on which relief may be granted.

2.  The Court should DECLINE to exercise supplemental jurisdiction over any state-law

claims, pursuant to 28 U.S.C. § 1367(c)(1) and (3), and any such claims should be DISMISSED.

3.  Pursuant to Fed. R. App. P. 24(a)(4)(B), the District Court should CERTIFY that any

appeal from its disposition would be taken in bad faith because Plaintiff's allegations are conclusively contradicted by his exhibits and because he fails to show that occasional and temporary interruptions of no more than a week and a half in his prescription medications constituted an objectively sufficiently serious medical need.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

Plaintiff must immediately inform the Court of any change in his mailing address.  Failure to do so may result in dismissal of this case without notice to him.

DATED this 11th day of October, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6